**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01050-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

MARK ANTHONY MAGNUM,
QUANTUM SOLUTIONS, LLC, A Service and Domestic for Profit Corporation, and
INVENT HELP CORPORATION, INC., A Service and Foreign for Profit Corporation,

   Plaintiffs,

v.

RICK RAEMISCH, In his Official Capacity as the Executive Director of the Colorado
   Department of Corrections, an Employee of the State of Colorado,
BRANDON C. SHAFFER, In his Official Capacity as Chairman of the Colorado State
   Board of Parole, an Employee for the State of Colorado,
JOHN DOE #1, In his Individual Capacity, John Doe #1 in his or her Official
   and Individual Capacity as a Colorado State Board of Parole, Administrative
   Hearing Officer or Administrative Law Judge, an Employee of the State of
   Colorado,
MATTHEW GOLDBERG, In his Official and Individual Capacity as Colorado
   Department of Corrections Parole Officer, an Employee of the Colorado
   Department of Corrections,
KRISTIN WATT, In her Official and Individual Capacity as a Colorado Department of
   Corrections Parole Officer, an Employee of the Colorado Department of
   Corrections,
JOHN DOE #2, In his Official and Individual Capacity as a Colorado Department of
   Corrections Parole Officer, an Employee of the Colorado Department of
   Corrections,
JOHN DOE #3, In his Official and Individual Capacity as a Colorado Department of
   Corrections Parole Officer, and Employee of the Colorado Department of
   Corrections,
REBECCA OAKES, In her Official and Individual Capacity as a Parole Board Member,
   an Employee for the Colorado State Board of Parole, State of Colorado,
JOHN O'DELL, In his Official and Individual Capacity as a Parole Board Member, an
   Employee of the Colorado State Board of Parole, State of Colorado,
JOE MORALES, In his Official and Individual Capacity as a Parole Board Member, an
   Employee for the Colorado State Board of Parole, State of Colorado,
ALFREDO PENA, In his Official and Individual Capacity as a Parole Board Member, an
   Employee of the Colorado State Board of Parole, State of Colorado,
MARJORIE LEWIS, In her Official and Individual Capacity as a Parole Board Member,
   an Employee of the Colorado State Board of Parole, State of Colorado,

DENISE BALAZIC, In her Official and Individual Capacity as a Parole Board Member,
    an Employee of the Colorado State Board of Parole, State of Colorado,
JAMES HYMAN, In his Official and Individual Capacity as the C.E.O. and Chairman of
    Community Education Center, Inc., a Service and Foreign for Profit Delaware
    Corporation,
STEVEN HARTLEY, In his Official and Individual Capacity as the Director of Cheyenne
    Mountain RE-Entry Center, a Service and or Profit Subsidiary Corporation of
    Community Education Center, Inc.,
SAHIB H. BROWN, SR., In his Official and Individual Capacity as Director or Programs,
    an Employee for Cheyenne Mountain Re-Entry Center,
KELLY LEHMAN, In her Official and Individual Capacity as the Unit Manager, an
    Employee for Cheyenne Mountain Re-Entry Center, and
LAURA TORRES, In her Official and Individual Capacity as the Paralegal and Librarian,
    an Employee for Cheyenne Mountain Re-Entry Center,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

On May 18, 2015, Plaintiff Magnum, one of three named Plaintiffs, submitted to the Court a Complaint. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a) and (b), the Court has determined that the filing is deficient as described in this Order. Plaintiffs will be directed to cure the following if they wish to pursue any claims in this Court in this action. Any papers that Plaintiffs file in response to this Order must include the civil action number on this Order.

**28 U.S.C. § 1915 Motion and Affidavit/Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)**:

(1)   _X_   is not submitted
(2)   ___   is missing affidavit
(3)   _X_   If Plaintiff is a prisoner he must submit a certified copy of prisoner's trust fund statement for the **6-month period immediately preceding** this filing
(4)   ___   is missing certificate showing current balance in prison account
(5)   ___   is missing required financial information
(6)   ___   is missing authorization to calculate and disburse filing fee payments
(7)   ___   is missing an original signature by the prisoner

(8) __ is not on proper form
(9) __ names in caption do not match names in caption of complaint, petition or habeas application
(10) __ other: Each named plaintiff must submit a request to proceed without payment of the $400 filing fee and submit the request on a proper Court-approved form that is required for either a prisoner or nonprisoner. In the alternative, plaintiffs may pay the filing fee in full.

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) _X_ is not on proper form (Plaintiff may find the Court-approved forms at www.cod.uscourts.gov.)
(13) _X_ is missing an original signature by the prisoner and other named plaintiffs
(14) __ is missing page nos. __
(15) __ uses et al. instead of listing all parties in caption
(16) __ names in caption do not match names in text
(17) __ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) __ other:

Accordingly, it is

ORDERED that Plaintiffs cure the deficiencies designated above **within thirty days from the date of this Order**. Any papers that Plaintiffs file in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that Plaintiff Magnum shall obtain the proper Court-approved form used in filing a 28 U.S.C. § 1915 Motion and a Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, www.cod.uscourts.gov, to be used in curing deficiencies. All named Plaintiffs must sign the Prisoner Complaint. It is

FURTHER ORDERED that Plaintiffs Quantum Solutions LLC and Invent Help Corporation, Inc., shall obtain an Application to Proceed in District Court Without Prepaying Fees or Costs (form for nonprisoners to proceed pursuant to 28 U.S.C.

§ 1915) at www.cod.uscourts.gov., if they desire to proceed without payment of the $400 filing fee in this case. It is

FURTHER ORDERED that, if Plaintiffs fail to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED May 19, 2015, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Gordon P. Gallagher
                                        United States Magistrate Judge