IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01050-GPG

MARK ANTHONY MAGNUM, individually as a prisoner under the control and custody
    and care of the Defendants,

    Plaintiff,

v.

RICK RAEMISCH, In his Official Capacity as the Executive Director of the Colorado
    Department of Corrections, an Employee of the State of Colorado,
BRANDON C. SHAFFER, In his Official Capacity as Chairman of the Colorado State
    Board of Parole, an Employee for the State of Colorado,
JOHN DOE #1, In his Individual Capacity, John Doe #1 in his or her Official
    and Individual Capacity as a Colorado State Board of Parole, Administrative
    Hearing Officer or Administrative Law Judge, an Employee of the State of
    Colorado,
MATTHEW GOLDBERG, In his Official and Individual Capacity as Colorado
    Department of Corrections Parole Officer, an Employee of the Colorado
    Department of Corrections,
KRISTIN WATT, In her Official and Individual Capacity as a Colorado Department of
    Corrections Parole Officer, an Employee of the Colorado Department of
    Corrections,
JOHN DOE #2, In his Official and Individual Capacity as a Colorado Department of
    Corrections Parole Officer, an Employee of the Colorado Department of
    Corrections,
JOHN DOE #3, In his Official and Individual Capacity as a Colorado Department of
    Corrections Parole Officer, and Employee of the Colorado Department of
    Corrections,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Mark Anthony Magnum, is detained at the Cheyenne Mountain Re-entry Center in Colorado Springs, Colorado. He initiated this action on May 18, 2015, by filing a Complaint pursuant to 42 U.S.C. § 1983 challenging the revocation of his parole and

his reincarceration.

In a May 19, 2015 Order (ECF No. 3), Magistrate Judge Gordon P. Gallagher reviewed Mr. Magnum's filing and determined that it was deficient because it was not on the proper from.  Magistrate Judge Gallagher ordered Mr. Magnum to file a Prisoner Complaint on the court-approved form within 30 days.  (*Id.*).  Plaintiff was instructed that he could obtain the form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  (*Id.*).

On July 13, 2015, Mr. Magnum filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 10), along with a § 1915 motion and a motion entitled "Petition for Stay of Civil Rights Complaint/Action Pending Resolution of State Proceedings Pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994)" (ECF Nos. 11 and 12).

In the Prisoner Complaint, Mr. Magnum asserts two claims for relief: (1) "Fourth Amendment - Unlawful Seizure and False Arrest; Fourteenth Amendment - Procedural and Substantive Due Process Violations; Article IV, Privileges and Immunities Clause" (ECF No. 10, at 4); and, (2) "First Amendment's Petition Clause Violation; Fourth Amendment - Unlawful Seizure and False Arrest; Fourteenth Amendment - Procedural and Substantive Due Process Violations; Article IV, Privileges and Immunities Clause" (ECF No. 10, at 5).  For relief, Mr. Magnum seeks declaratory and injunctive relief and monetary damages.  (*Id.* at 7).

Mr. Magnum has been granted leave to proceed *in forma pauperis* in a civil rights action pursuant to 28 U.S.C. § 1915.  (*See* ECF No. 13).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or

seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Prisoner Complaint liberally because Mr. Magnum is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, this action will be dismissed.

Mr. Magnum asserts in his first claim for relief that Defendants Goldberg, Watt, John Doe #1, John Doe #2, and John Doe #3 fraudulently induced him on May 13, 2013 to self-revoke his parole, and thereby "relinquish his right to the legislative privilege of parole."  In his second claim for relief, Mr. Magnum alleges that Defendants Shaffer and Raemisch "refuse to permit a fundamental appeal or administratively review the circumstances of Plaintiff's claims."  To the extent he seeks relief under § 1983, both claims are premature.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that to recover damages for an unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck* applies to proceedings that call into question the validity of a parole revocation.  *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

Mr. Magnum's claims for damages in this action must be dismissed because the claims are barred by the rule in *Heck*. Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Magnum is not challenging the validity of a criminal conviction or sentence, the rule in *Heck* also applies to claims that challenge other forms of confinement. *See, e.g., Crow*, 102 F.3d at 1087 (stating that *Heck* applies to proceedings related to parole and probation). In short, a civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Mr. Magnum's claims in the Prisoner Complaint implicate the validity of his parole revocation, and thus, the validity of his current incarceration that he contends is a consequence of his parole revocation. Furthermore, Mr. Magnum does not allege, and there is no indication in the Prisoner Complaint, that he has invalidated the validity of the parole revocation decision. Therefore, Mr. Magnum's claims for damages are barred by the rule in *Heck* and must be dismissed without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Moreover, Mr. Magnum's request to stay the instant action pending the resolution of his state court proceedings is misplaced. Under the *Heck* rule, the accrual of a cause

of action is deferred until the conviction or sentence has been invalidated.  *See Wallace v. Kato,* 549 U.S. 384, 392-93 (2007).  Because the *Heck* doctrine governs the § 1983 claims challenging the constitutionality of his parole revocation, those claims have not yet accrued, and there is no need to address the statute of limitations.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, the Court will dismiss Mr. Magnum's claims challenging his parole revocation. It is

ORDERED that the Prisoner Complaint (ECF No. 10) and this action are DISMISSED WITHOUT PREJUDICE because Mr. Magnum's claims are barred by the rule in *Heck*.  It is

FURTHER ORDERED that the Petition for Stay of Stay of Civil Rights Complaint/Action Pending Resolution of State Proceedings Pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 129 L.Ed.2d 383 (1994) (ECF No. 12) is DENIED.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is DENIED for the purpose of appeal.

DATED July 29, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court